The case today is United States v. William Ramirez-Frechel, Appeal No. 19-2010 and United States v. Jonathan Ramirez-Frechel, Appeal No. 19-2017 Attorney Matos, please introduce yourself for the record and proceed with your argument Good morning, Your Honors. My name is Juan Matos de Juan and I represent Jonathan Ramirez-Frechel and I'm ready at your convenience Please proceed, Mr. Matos Thank you, Judge Gallardo In this case, the defense raised two arguments. Jonathan Ramirez raised two arguments One of a guideline argument, the other of insufficiency for the 924 conviction Given the government has conceded the guidelines argument, I will go straight into the 924 issue Now, the way I perceive this case, the crux of the matter is the third prong of the 924 as it has been interpreted under Mendoza-Maisonnet, which is if this possession was in furtherance of if this possession of a weapon was in furtherance of a drug trafficking offense And why is that? Because the government in its arguments, particularly in its brief at page 31 conceded that the weapon was neither there to protect or enforce the drug trafficking offense It's our position that then the only road open to the government is that it was a joint transaction But yet the facts do not support such a position The government is resting on a theory, both at trial and at the appellate level and trial counsel was my good friend, Mr. Aloum, who was just before you The government rests on a theory that the drugs in some manner sweetened the deal of these firearm transactions But it misses the marks because this was always a firearm transaction The first event was a firearm transaction, the second event is a firearm transaction The only reason there's a drug transaction here is because as is in the transcript as you hear the other coverage say, he wanted to bring in some drugs in order to seize the car involved because this was originally a state case and under local Puerto Rican law, that was the best way to seize the vehicle As I understand the government's argument, I understood it to be a little bit different Maybe I read too much into it I read it to make an analogy to a store that sells two products knowing that one will get in customers for the other A store that sells liquor and cigarettes You figure people looking for liquor may buy some cigarettes too So their argument, as I understand it, is selling guns puts you in touch with people who want to buy drugs Yes, Judge, but I understand that position But this is not Walgreens, in which you will buy socks and cereal at the same place you get your meds In this particular case, this agent, who's an agent for the weapons unit of the Puerto Rico police is looking for guns As a matter of fact, during cross-examination and during redirect the agent stated, well, if it was just for the weed because this was marijuana and those were his words If it was just for the weed, I wouldn't have gone Just for the marijuana transaction, I was looking for the weapons Yes, ma'am There was one case that was really close to this out of the Seventh Circuit, Bailey I agree with you, this is not the standard case I see But there are some cases out there which look at it as a package deal and that that's selling the gun to bring people to the table for the marijuana So, are you basically saying we should disagree with the Seventh Circuit here? Are you familiar with that Bailey case? I am familiar with the Bailey case, the 2018 case out of the Seventh Circuit I don't necessarily disagree with Bailey, I just don't think it's the same case In the Bailey case, there's a series of transactions ongoing which are narcotics transactions In this case, it was always a weapons transaction This is not a case in which, like Bailey, the purpose of the drugs is to gain the confidence of the seller Here, you hear the agent saying, well, I want some drugs in order to seize the car This is not an ongoing narcotics transaction and in Bailey, you had an ongoing narcotics transaction So, I think they're distinguishable between Bailey in the Seventh Circuit and this factual scenario Because, as the court has recognized, it's totally factually driven If we look at the facts of your client's own behavior, it seemed to me that they weren't just walking up to people on the street offering them marijuana but they seemed to feel that now that they've located someone who was buying guns that was an occasion on which they should suggest selling marijuana Well, Judge, the way I perceive the evidence, and I was trial counsel in this case when you look at the recordings, you got the recordings of the event right on the calls but then there's the continuance of the recording in which the undercover agent is talking to his control agent and he's telling the control agent, no, no, no, hold off, don't arrest these people because I want to get marijuana to seize the car And let's not forget, this started out as a weapons transaction continued being a weapons transaction This is not the scenario in which you got both things going on at the same time They're concurrent, but not the same transaction Thank you, I think your time is up That's correct, Your Honor, thank you for your attention and I'll rest on arguments on my brief Thank you, Attorney Matos Diwan, please mute your audio and video at this time Would Attorney Rivera-Gonzalez please unmute his audio and video and introduce yourself on the record to begin May it please the court My name is Johnny Rivera-Gonzalez I represent Appel and William Ramirez Frechel May I continue, Your Honors? Please, please go ahead First of all, I want to adopt the arguments made by my brother, Counselor Juan Matos In this case, I'm going to jump, since we only have five minutes, to the main argument In this case, we believe that count three should be dismissed because the facts in this case do not establish the third element of section 924C Initially, this counsel was under the impression that section 924C could have some ambiguous language However, after studying the case law in this case and many other points that we have is that we don't have a standard definition for the premise of infurderance and the second point that we have here is that Can I ask you about that? Could you just help me? I have in my head three different scenarios Yes, sir and we have these words, infurderance of So, one scenario is, I sell guns and then, totally unrelated, I have a side business of selling drugs In that circumstance, my sense of the government is in agreement There's no infurderance of That is correct, Your Honor, because that would be just a mere presence of the gun Exactly, there's nothing to do with it There's another one in which the reason I sell guns is so that I can find drug buyers and the gun sale is to attract the drug buyers to get me to them so then I sell drugs In that circumstance, there's an argument, at least, that it's an infurderance of the drug sale Then there's a third circumstance in which I sell drugs and guns and there's a connection between the two It's not just happenstance that I'm selling drugs and that I'm selling guns It's a business, I know that my client base likes both, and I sell both What I hear you saying is that we're potentially in that last category but that's not infurderance of, that's more like in connection with, or something like that There's some relationship between the two, they're not maybe totally disconnected but you can't say that the gun sale is an infurderance of the drug sale any more than you can say the drug sale is an infurderance of the gun sale They're just happening together Is that your position? Actually, Your Honor, Judge Byron, the three points are in line with the case law However, we have to distinguish those facts to the reality on the facts and scenario that we have at hand What do I mean? Whenever we have to discern the subjective intent of a party or a defendant we have to be objective and we have to look at the factors In this case, one of the main errors that I find in the case law is that they focus and they isolate the words infurderance and you have to look at jointly with the firearm word the disposition, the statutory disposition, you have to look at the entire sentence the entire language of the statute When you look at the statute, you also compare with the Bailey case the old Bailey case of the Supreme Court and you look at the historic development that Justice O'Connor made in this case Could you just come back to my... Yes, sir Humor me and go back to my example Yes, sir I don't think the facts here support the idea that you have to conclude they were totally disconnected Okay? The drug sales and the gun sales Uh-huh If there's a connection between the two In other words, this is a person who advertised I sell drugs and guns and I sell them together and I expect my customers to like both Is that enough for infurderance? Or not? If not, why not? Why when there's a connection like that isn't it reasonable to assume that each is serving the other? That the gun customer base boosts the drugs and the drugs boost the guns and it's a joint deal So if you're selling both together, each is infurderance of each Because it wasn't congressional intent What do I mean by that? A firearm is a tool of trade It's a tool of trade for what? To protect the proceeds, to protect your gang to protect the drugs, to protect the members to intimidate or eliminate rivals So the gun has to be readily available because it has a purpose It has to be proximate to the drugs In this case, the firearm and the drugs were together But the firearm was unloaded So its purpose on the 924C wouldn't be met Not only that, the appellant immediately surrendered possession of the firearm to the undercover agent Why couldn't a jury find that these guys were in the business of selling drugs? It's what brought them to the table And then they used their desire for the guns to further the sale of the marijuana A package plan I understand the point of the court However, just the mere possession of the gun there The gun here is part of the merchandise It's not to further the business It's just part of the merchandise The gun itself is just mere present in this case, Your Honor Thank you Judge Barron, Judge Saras, do either of you have any other questions? There was one additional point you raised which had to do with character evidence The WhatsApp Are you pressing that point? Yes, very briefly, Your Honor In the character evidence There are two points we have to make The first one is, Your Honor that character evidence shouldn't be allowed whenever its use is to establish criminal propensity In that sense, we understand that the court abuses discretion Because this is not a conspiracy This is a specific fact But you didn't Is there any real factual defense in this case about whether your clients did what they did? You know, is there any weakness in the claim that they sold the drugs and they sold the guns? Your Honor, I would never lie to the court The facts in this case do not help the evidence much So why do we care about the WhatsApp stuff? Even if we assume you're right and we get to prejudice don't you fall down on that? Well, Your Honor The thing is that that's why our legislators established Rule 404B Okay? This is not a conspiracy Of course we have aiding and abetting in the indictment But in this case, what we have, Your Honor is specific details And what the government did was they employed facts outside the time frame set under the indictment Is the idea that the WhatsApp messages are being used to show the purpose of the joint sales? And that's what's causing you the prejudice? What's actually causing the prejudice is you're confusing the jury telling them, look, this guy is an arms dealer and he kept doing arms dealers and negotiating with us And that just goes to the emotional side of the jury And the jury might be confused with this information The government didn't need this information Can I ask, you know, there's a counter argument that because it was just the next day or the next few days that since the charge was you're in the business of dealing firearms that it was intrinsic evidence and not character evidence at all It was intrinsic to the charge as to their intent and their business And Judge Cyrus, you're correct But the line is so, so thin that I believe that in terms of making the best decision and avoiding error the court should have stayed within the time frame It was sufficient, as Judge Cataya just mentioned The facts in this case were enough Going there, going beyond that time frame is just too much And you just go to inflame the jury, Your Honor Thank you, Mr. Rivera Thank you, Your Honor At this time, Mr. Rivera, please mute your audio and your video AUSA Besosa, if you could please unmute your audio and video And please introduce yourself on the record to begin Good morning, Your Honors, and may it please the court Francisco Besosa Martinez for the government Your Honors, the district court properly upheld Jonathan and William's 924C convictions under Count 3 As the evidence showed, the government satisfied the infertile element of 924C Specifically, the Intratec pistol that was subject to the second transaction was part of a package deal sold alongside marijuana after negotiations have been held for a gun-plus-marijuana transaction As Agent Garcia testified at trial during the first transaction, when he initially began conversations with Jonathan that conversation was about getting other firearms for the agent to buy And during that time, Jonathan even started texting and calling to see what firearm he could get for Agent Garcia And during that conversation, during those negotiations was when he saw an opening to also offer up marijuana, initially offering a marijuana known by the street name of Arizona How do we know that the firearm enabled that? Well, Your Honor, as I was saying the conversation began Well, first of all, to go back briefly Jonathan and William always advertised themselves as firearms dealers So the firearms were the central object of their business And through those firearms, they had the ability to bring in also the option of buying marijuana, and in this particular case Your Honor, once the marijuana offer was made the conversations continued Notably, the time and place of the transaction Is the government's position that anybody they meet through the sale of a firearm anything that then happens any such sale of anything else after that the firearm was in furtherance of that other sale I suppose it seems awfully broad Because it would also be true that they sold firearms and then they also sold drugs and they sold both but it wouldn't necessarily say the firearms were in furtherance of it Well, the firearms are what brought in the customers Like I said, they advertised themselves first and foremost as firearms dealers That's a but-for point I don't know if but-for is the same as in furtherance of Well, Your Honor, as the evidence shows through the agent's testimony Once the conversations got going and they continued the conversations through text and phone calls later on It was only after they reached an agreement as to the specific firearm, this Intratec pistol and of the purchase price of $1,200 It was only then, after all that was said and done and hammered out That doesn't get me to infer It's not like they said, I'll give you a discount on it two for one because you're doing the firearm deal There's none of that, it's just two things happen one after the other How does that necessarily mean that the first thing is in furtherance of the second thing happening rather than it just preceded the second thing happening Or even that the second thing would not have happened if they hadn't met through the firearm That doesn't necessarily tell me that the firearm is in furtherance of it Because the consummation of the marijuana sale was contingent on the firearm transaction As I was saying, the marijuana was agreed upon initially and then the specifics of the Intratec pistol were agreed upon It was only after the specifics of the firearm were in place Was the deal that I won't buy the drugs unless you sell me the firearm? I'm sorry? Was the deal I won't buy the drugs unless you sell me the firearm? It wasn't specifically said as such but certainly from, as I was saying, the evidence the time and place, the consummation of this transaction the details of the time and place weren't set out until all the drugs were in a row Just answering my question, are you saying that the evidence could support a finding that I won't buy the drugs unless you sell me the firearm? Yes Are you saying we'd have to conclude that the record supports that inference in order for it to be in furtherance of? Yes In order to infer in the light most favorable to the verdict, yes Now I'm confused. I thought the big argument was that they were big gun dealers and that this was sort of part of a packaged deal By the way, we'll sweeten it by also selling you marijuana We'll even discount the marijuana if you buy the magazine So you're saying it was the reverse of that? Well, Your Honor, the conversations flowed and as I said, the conversation started with we're going to get more guns to buy We're going to get you more guns to buy The specifics of which gun in particular that was established at a later time The specifics as to what type of marijuana was set on the day of the first when they met for the first transaction But at that time the time and place of the sale wasn't hammered out So that marijuana agreement was up in the air up until and after the Intratec pistol details were hammered out It was only after that that the time and place where they would consummate this transaction Why does that help you? Because it highly suggests that if they had not found a firearm for the agent to buy they ran the risk of the agent saying, well, I'm not going to buy the marijuana then It shows that there was a contingent component to that marijuana sale But then you're saying we'd have to read the record to say that he would not have bought the marijuana unless the gun sale went through That the sale of the marijuana was contingent on the gun sale going through Yes, Your Honor That's not a sweetening the pot deal Well, perhaps sweetening the pot is not the correct phrasing for it Other than the timing is there anything that supports the idea of contingency in the record? The agent's testimony himself that he mentioned that had this just been a marijuana transaction he wouldn't have gone through with it And as Brother Counselor mentioned this agent was part of the firearms unit for the local police So the firearms was his focus I'm puzzled by you You've now puzzled me They advertise on the internet they're selling marijuana and they have a tagline And you can buy your guns here too And so someone calls them up and buys one or the other but doesn't have to buy both, neither is contingent on it I thought you would plainly say that that is selling guns in furtherance of selling marijuana given what I just described Even though the purchase of one isn't contingent on the other but it's used to attract people to buy the other Yes, exactly The firearm is used to attract buyers You seem to be saying that's only true if it's contingent You didn't seem to be making the argument that just selling both together is enough Well, I'm making the contingency argument based on the facts of this case However, selling them together as it happened in Bailey would also support a possession in furtherance of drug crime So are you saying that it's only in furtherance if buying one of the two is contingent on the other There has to be a sale of both Not necessarily, Your Honor Not necessarily the purchase of both That's just what happened in this case However, for example, if you're initially attracted to that seller because of their firearms business who then also offers up marijuana but you ultimately end up just buying the marijuana you still used or possessed a firearm to attract a buyer to your business You switched the you there a little bit because it may be that the one who's buying the firearm is there and will buy drugs But that's different than saying the person who's selling the firearms who's also able to do a drug deal on the side did the firearm sale for the purpose of attracting the drug buyers rather than that's just gravy I sell firearms and then some of my customers also buy drugs I'm not doing it for that purpose And I take it that's what the defendant's saying in why Bailey's different because there, there was evidence that it all started as a drug effort so you could say that was their primary motivation then they threw the weapon in as a pot sweetener to keep them purchasing the drugs Whereas here it's almost the reverse They seem focused on firearms Your WhatsApp evidence is that they were big firearms people But it seems like that's the dog and the drugs might be just the tail which makes it a little hard to see how it's in furtherance of the drugs If I may, Your Honor, I read Bailey a bit differently There, as here, the firearm was the main transaction That's what brought That's what brought the customer and then he said, I can also sell you drugs And that particular instance, the details of the firearms were already hammered out and at the insistence of the agent for whom the government informer was working for he went with that additional money that day to purchase marijuana as well Would you agree that Bailey is the only case that even is remotely similar to ours? I mean, we couldn't find anything else where the in furtherance of dealt with this package plan here In terms of possession and furtherance, Your Honor Yes, Bailey is the only one that we have been able to find although there are a slew of other circuits that have dealt with similar situations Can I ask you one just record point What is the relative value of the firearms transactions versus the drug transactions? Do we have anything in the record that shows us that? How much money were they making off the firearms relative to what they made off of the drug sale? It was $1,200 and $900, wasn't it? Yes, correct, Your Honor $900 for the drugs and $800 for the magazine The drugs was $900? The drugs was $900 but then lowered $800 to include the magazine for the Glock that he had purchased in the first transaction So the government maintains, Your Honor that this was a case of possessing a firearm in furtherance of a drug crime Thank you, Mr. Bososo That concludes argument in this case Attorney Matos, Attorney Rivera, and Attorney Bososo you should disconnect from the hearing at this time